USCA1 Opinion

 

 September 10, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1410 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS KNOWN AS 121 WEST SHORE DRIVE, LOCATED IN THE TOWN OF EXETER, RHODE ISLAND, Defendant, Appellee, __________ PETER L. CHAMBERLAIN, JR., Plaintiff, Appellant. ____________________ No. 92-1453 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS KNOWN AS 121 WEST SHORE DRIVE, LOCATED IN THE TOWN OF EXETER, RHODE ISLAND, Defendant, Appellee, __________ PETER L. CHAMBERLAIN, JR., Plaintiff, Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Peter L. Chamberlain, Jr. on brief pro se. _________________________ Lincoln C. Almond, United States Attorney, and Michael P. ___________________ ___________ Iannotti, Assistant United States Attorney, on brief for appellee, ________ United States of America. ____________________ ____________________ Per Curiam. Claimant appeals from a judgment ___________ forfeiting his property (home and surrounding land) under 21 U.S.C. 881(a)(7) (authorizing the forfeiture of real property "used, or intended to be used" to facilitate a controlled substance offense punishable by more than one year's imprisonment). We address claimant's main arguments. 1. Claimant contends there was insufficient evidence of a "substantial connection" between his property and any unlawful drug activity. See United States v. Parcel ___ _____________ ______ of Land & Residence at 28 Emery Street, 914 F.2d 1, 3-4 (1st ______________________________________ Cir. 1990) ("We have consistently required that there be a 'substantial connection' between the property forfeited and the drug activity."). In particular, he argues that no marihuana plants were actually located on claimant's property and that the district court's finding of substantial connection was impermissibly premised solely on the speculation that the bale of marihuana claimant had paid $54,000 for immediately prior to his arrest would be processed for distribution at claimant's home. We disagree. The agreed statement of facts (on which the case was presented to the district court) may be ambiguous as to the precise location of the 30 marihuana plants located "behind the Chamberlain house" and "in an area to the rear of the defendant real property." But the agreed statement is clear that Chamberlain told a DEA agent that he -3- had 100 marihuana plants hidden "on his property" and the inference that marihuana was located on the property is further supported by defendant's guilty plea described in the agreed statement as a plea inter alia to "possession with ___________ intent to distribute the marihuana found at the defendant real property . . . . " Second, additional evidence connected the premises to unlawful drug uses or intended uses. Claimant, who told undercover agents he had been selling narcotics for twenty years, conducted some of the negotiations for purchasing a marihuana bale by phone from the defendant premises, and cocaine (103.75 grams) as well as drug trafficking tools (a triple beam scale, Inositol, a how to grow marihuana book, and firearms) were found on the property. Claimant pled guilty to possessing with intent to distribute the cocaine found on the premises. In sum, the evidence showed actual use of the premises to cultivate marihuana and to store drugs for later intended distribution. This was sufficient to establish the requisite substantial connection. Finally, here, where claimant was admittedly in the narcotics business and had manifestly used his home in furtherance of his business, it was reasonable for the district court to conclude that the marihuana bale claimant had paid $54,000 for immediately before he was arrested -- like the cocaine found on the premises -- would have been -4- stored at claimant's home had claimant's arrest not intervened. Hence, unlike the cases upon which claimant relies, both significant actual use as well as intended future use were adequately established to support forfeiture. 2. Relying on United States v. Certain Real _____________ _____________ Property and Premises Known as 38 Whalers Cove Drive, 954 _______________________________________________________ F.2d 29 (2d Cir. 1992), petition for cert. filed, 60 U.S.L.W. ________________________ 3755 (U.S. April 20, 1992) (No. 91-1682), claimant argues that the forfeiture of his home was disproportionately harsh for his offense and constitutes cruel and unusual punishment. Claimant did not present this argument below, and normally arguments may not be raised for the first time on appeal. Were we to consider the argument, however, we would find no merit in it, for we have recently rejected the Second Circuit position that forfeitures are subject to proportionality analysis and have instead adhered to our position that "proportionality analysis is inappropriate in civil forfeiture cases under section 881(a)(7)." United States v. _____________ One Parcel of Real Property, 960 F.2d 200, 207 (1st Cir. _____________________________ 1992). Moreover, were we to accept the Second Circuit approach, there is nothing in the present record which would convince us that the forfeiture was unconstitutionally disproportionate. United States v. A Parcel of Land, 884 _____________ __________________ F.2d 41 (1st Cir. 1989) (rejecting claim that civil forfeiture of home and 17.9 acres of land from which 80 live -5- and 50 dried marihuana plants had been seized was unconstitutionally harsh). As for any double jeopardy claim (also not raised below), we would reject it -- had it been properly preserved -- for the first and third reasons explained in United States _____________ v. A Parcel of Land, 884 F.2d at 43-44. ________________ Affirmed summarily pursuant to 1st Cir. R. 27.1. __________________________________________________ The motion for oral argument is denied. ______________________________________ -6-